No. 25-1776

In the
United States Court of Appeals
for the Sixth Circuit

**JERREECE NOEL**

**Plaintiff-Appellant,**

v.

**CHALLENGE MANUFACTURING
HOLDINGS, INC.,**

**Defendant-Appellee**.

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 2:23-cv-12982
The Honorable Laurie J. Michelson

**PLAINTIFF-APPELLANT JERREECE NOEL'S REPLY BRIEF ON
APPEAL**

**ORAL ARGUMENT REQUESTED**

CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
(844)835-2993
*Attorneys for Plaintiff-Appellant*              Dated: March 25, 2026

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..............................................4

*Blair v. Henry Filters, Inc.*, 505 F.3d 517 (6th Cir. 2007) .......................................8

*Bobo v. UPS*, 665 F.3d 741 (6th Cir. 2012)................................................................8

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) ...........................5

*Clay v. UPS*, 501 F.3d 695, 708 (6th Cir. 2007)........................................................8

*EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560 (6th Cir. 2018) ..6

*Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998).........6, 7

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993) ......................................................9

*Jackson v. Quanex Corp.*, 191 F.3d 647 (6th Cir. 1999)...........................................9

*Laster v. City of Kalamazoo*, 746 F.3d 714 (6th Cir. 2014) .....................................6

*Logan v. Denny's, Inc.*, 259 F.3d 558 (6th Cir. 2001)...............................................6

*Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516 (6th Cir. 2008) ............................8

*Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) ..................................................5

*Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833 (6th Cir. 2024)........9

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998) .............................8

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) ..........................8

*Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274 (6th Cir. 2012) ............................8

**INTRODUCTION**

Defendant-Appellee's brief confirms the central error committed by the district court: it resolves disputed facts, weighs credibility, and draws inferences against Plaintiff in violation of Federal Rule of Civil Procedure 56. Rather than addressing the evidence in the light most favorable to Plaintiff, Defendant reframes contested facts as undisputed, dismisses direct evidence of discriminatory animus, and fragments the record to minimize its cumulative effect. This Court's task is not to decide which version of events is more credible. It is to determine whether a reasonable jury could credit Plaintiff's evidence. The record contains direct and circumstantial evidence of discrimination, retaliation, and a hostile work environment. Because genuine disputes of material fact exist, summary judgment was improper and must be reversed.

I. **DEFENDANT'S ARGUMENT IMPROPERLY RELIES ON FACT WEIGHING AND CREDIBILITY DETERMINATIONS**

Defendant repeatedly characterizes Plaintiff's testimony as "subjective belief" or "feelings." That framing is legally irrelevant. Plaintiff's sworn testimony is evidence, and at the summary judgment stage, that evidence must be credited, not discounted. It is no different than any evidence Defendant might submit, even to the point of manufacturing documents. This matter resolved on summary judgment, not at trial. No factfinder has made a determination as to which side was to be believed.

3

The test is the sufficiency of evidence viewing facts in a light most favorable to Plaintiff, not whether a jury should believe Plaintiff vs. Defendant.

Defendant's argument depends on accepting its version of events as true while rejecting Plaintiff's. For example, Defendant asks this Court to credit its internal investigations and managerial explanations while disregarding Plaintiff's testimony regarding discriminatory directives and workplace hostility. That is precisely the type of credibility determination reserved for a jury. This Court is rightly reluctant to revisit factual disputes, but that restraint presupposes the facts were viewed in the nonmovant's favor, as Rule 56 requires.

The question is not whether Defendant has offered an alternative explanation; it is whether a reasonable jury could reject that explanation. On this record, a reasonable jury plainly could. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## II.  **THE PIP, NEGATIVE REVIEW, AND ESCALATING DISCIPLINE PRESENT A JURY QUESTION ON ADVERSE ACTION**

Appellee first claims Ms. Noel "abandoned" the adverse action element. That is incorrect. Ms. Noel's opening brief challenges the district court's adverse action rulings and explains why the PIP, negative review, and constructive discharge are triable issues. Appellee's position rests on reading one section of the opening brief in isolation while ignoring the brief as a whole.

4

On the merits, Appellee treats the PIP and negative review as categorically non-actionable unless they come with an immediate pay cut or demotion. That is not what Title VII requires, as the U.S. Supreme Court has recently made clear. A plaintiff must only show "some harm" or a "disadvantageous" change in an employment term or condition. *Muldrow v. City of St. Louis*, 601 U.S. 346, 347 (2024). And for retaliation, the standard is broader: the action is materially adverse if it might dissuade a reasonable worker from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Here, the PIP and negative review were part of an escalating course of discipline and scrutiny. They were not a harmless "coaching" document. A reasonable jury could conclude that placing an employee under formal performance management, with mandatory check-ins and the stated consequence of termination for noncompliance, disadvantaged the terms and conditions of employment and would deter a reasonable employee from complaining again. Summary judgment on adverse action was improper.

### III.    CONSTRUCTIVE DISCHARGE IS A QUESTION OF FACT

Appellee's argument that Ms. Noel "voluntarily resigned," and therefore suffered no adverse consequence, assumes the very point in dispute. Constructive discharge occurs when working conditions are so intolerable that a reasonable person would feel compelled to resign. *Logan v. Denny's, Inc.*, 259 F.3d 558, 568-

69 (6th Cir. 2001). Whether conditions are intolerable is ordinarily a question of fact for the jury. *Id.*

Viewing the record in Ms. Noel's favor, the conditions included escalating hostility, discipline pressure, and workplace humiliation tied to her complaints. A reasonable jury could believe that this campaign left her no realistic choice but to resign.

### IV.   DIRECT EVIDENCE OF DISCRIMINATION PRECLUDES SUMMARY JUDGMENT

Plaintiff testified that her supervisor instructed her not to hire individuals from Pontiac, a city she identified as predominantly African American.

Direct evidence is evidence that, if believed, requires the conclusion that unlawful discrimination was a motivating factor. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 354 (6th Cir. 1998). "[A] facially discriminatory employment policy or a corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent." *EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 571 (6th Cir. 2018) (quoting *Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir. 2000)). At minimum, Plaintiff's testimony creates a genuine dispute of material fact. The district court could not reject this evidence without making a credibility determination, which is prohibited at summary judgment. *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

6

## V.   COMPARATOR EVIDENCE CREATES A TRIABLE ISSUE

Appellee argues Ms. Noel failed to identify similarly situated employees. That misstates the Sixth Circuit's standard. Comparators need not be identical in every respect, only similar in the relevant aspects of the policy or conduct at issue. *Ercegovich*, 154 F.3d at 352.

Ms. Noel testified that her male colleague took his computer home and worked remotely while she was told she could not. Appellee responds that it later told him to stop and that Ms. Noel "does not know" whether he had permission. But that is a factual dispute about what management knew, when it knew it, and how it enforced its policy. Those are classic jury questions, not grounds for summary judgment.

A reasonable jury could infer disparate treatment from the selective enforcement of a workplace rule, especially where the employer's explanation depends on accepting its witnesses and discounting Ms. Noel's.

## VI.   TEMPORAL PROXIMITY AND PRETEXT EVIDENCE SUPPORT RETALIATION

Appellee narrows the protected activity to a single date and then argues the timing is too attenuated. The record reflects repeated protected activity, including the charge and internal complaints, followed by a negative review and placement on a PIP. Temporal proximity may support causation, particularly when combined with

7

other evidence of retaliatory motive. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

Appellee also asks this Court to accept its performance narrative as undisputed. Ms. Noel presented evidence that the stated reasons for discipline were disputed or exaggerated, and that rules were enforced selectively. A jury may infer pretext where the employer's reasons are not worthy of belief or are applied inconsistently. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 285 (6th Cir. 2012).

Inconsistent enforcement and shifting explanations are probative. *Bobo v. UPS*, 665 F.3d 741, 753-54 (6th Cir. 2012); *Clay v. UPS*, 501 F.3d 695, 708 (6th Cir. 2007). Discriminatory statements, even if not treated as direct evidence, may support a finding that the proffered reason is pretext. *Blair v. Henry Filters, Inc.*, 505 F.3d 517 (6th Cir. 2007).

## VII. THE HOSTILE WORK ENVIRONMENT MUST BE EVALUATED UNDER THE TOTALITY OF THE CIRCUMSTANCES

Appellee argues Ms. Noel cannot show race-based harassment because she did not identify a racial slur. That is not the law. The question is whether the conduct occurred because of race, which may be shown through context and comparative evidence. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). Courts must assess the totality of the circumstances, not isolated episodes. *Jackson v.*

*Quanex Corp.*, 191 F.3d 647, 660 (6th Cir. 1999).

A hostile work environment exists where conduct is sufficiently severe or pervasive to alter the conditions of employment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). And the record supports that a jury could view the employer's actions as compounding hostility after protected activity. *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 842-45 (6th Cir. 2024).

Viewed together, the discriminatory directive, public scolding and yelling, mocking comments after Ms. Noel complained, and the resulting ostracism are more than "ordinary workplace tribulations." A reasonable jury could find an abusive environment.

## VIII.  DEFENDANT'S RELIANCE ON ITS INVESTIGATIONS DOES NOT RESOLVE LIABILITY

Appellee relies on its internal investigations as if they conclusively resolve liability. This could not be further from the truth nor an established "fact." Where the adequacy and good faith of the employer's response is disputed, summary judgment is improper. *Jackson*, 191 F.3d at 663. Here, Ms. Noel's testimony and the surrounding circumstances raise factual disputes about what was investigated, what was credited, and whether the process was used to rationalize discipline after she complained. Those disputes belong to the jury.

## <u>CONCLUSION AND REQUESTED RELIEF</u>

For the foregoing reasons, Plaintiff respectfully submits that the district court erred in granting summary judgment in favor of Defendants. Genuine issues of material fact exist as to Plaintiff's claims of discrimination, hostile work environment, and retaliation which must be resolved by a jury. Accordingly, Plaintiff requests that this Court reverse the judgment of the district court, remand the case for trial on the merits, and grant such other and further relief as this Court deems just and proper, including costs and fees.

Dated: March 25, 2026                          Respectfully Submitted,


                                               /s/ Carla D. Aikens
                                               Carla D. Aikens (P69530)
                                               CARLA D. AIKENS, P.L.C.
                                               Attorneys for Plaintiff
                                               615 Griswold Suite 709
                                               Detroit, MI 48226
                                               carla@aikenslawfirm.com

10

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type volume limitations pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains 1,582 words of Times 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word.

Dated: March 25, 2026

/s/ *Carla D. Aikens*
Carla D. Aikens (P69530)
CARLA D. AIKENS, P.L.C.
615 Griswold Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com
*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein through the electronic filing system on March 25, 2026 by:

*/s/ Katarzyna Nowicki*

11